# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

v.                                                               **Case No. 17-CR-146**

**ADRIAN HARPER**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Adrian Harper with felon in possession of a firearm, and on January 16, 2018, a jury found him guilty of the charge. On March 13, 2018, defendant filed a motion for judgment of acquittal under Fed. R. Crim. P. 29. I deny the motion.[1]

**I.**

Under Rule 29(a), the court may enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. When considering the sufficiency of the evidence, the court views the evidence in the light most favorable to the government and will enter a judgment of acquittal only if the record contains no evidence from which a reasonable juror could have found the defendant guilty. United States v. Kohli, 847 F.3d 483, 489 (7th Cir. 2017). A defendant challenging a conviction based on sufficiency of the evidence bears a heavy burden that is nearly insurmountable. Id. The court will not re-weigh the evidence or invade the jury's province of assessing credibility. United States v. Peterson, 823 F.3d 1113, 1120 (7th Cir. 2016).

---

[1] I note that the motion, filed more than 14 days after the verdict, is untimely. See Fed. R. Crim. P. 29(c)(1). However, the government has responded on the merits, and I will decide the motion on that basis.

**II.**

Police Officer Jose Rivera testified that while on patrol on July 3, 2017, he observed three subjects standing on the sidewalk. Upon seeing the marked squad car, one of the subjects, a man with braided hair wearing a gray shirt and red shorts, turned away from the squad car and with his right hand threw a black object into the yard behind him. Rivera's body camera, active at the time, did not capture what Rivera saw, but it did record his contemporaneous statement, "Uh-oh. Oh, he threw it. He threw a gun right there, braids." (Trial Tr. at 72.) Rivera testified that he was 100% sure the man with the braids threw the gun.

Rivera pulled over, exited the squad, and directed his partner, Officer Casey Donahue, to the location where he observed the object thrown; Donahue recovered a firearm from that location. The man with the braids was later identified as the defendant, Adrian Harper. The parties stipulated that the firearm had traveled in interstate commerce, and that defendant had previously been convicted of a felony.

**III.**

Defendant contends that the only affirmative evidence presented by the government that he possessed the gun came from Officer Rivera's testimony. He indicates that he established on cross-examination that Rivera purportedly observed defendant throw the gun in a very short time frame (mere seconds), from a long distance away (90-120 feet), with an obstructed view, and with several other individuals present in the immediate vicinity who could have thrown the gun. He further notes that the government presented no DNA or fingerprint evidence, other eyewitness testimony, or a confession.

Defendant presented these arguments to the jury, which nevertheless accepted Rivera's

testimony, as it was permitted to do. See United States v. Johnson, 437 F.3d 665, 675 (7th Cir. 2006) ("We will not upset the jury's credibility determination unless exceptional circumstances exist; that is, it was physically impossible for the witness to observe that which he claims occurred, or impossible under the laws of nature for the occurrence to have taken place at all.") (internal quote marks omitted); see also Hayes v. Battaglia, 403 F.3d 935, 938 (7th Cir. 2005) (noting that "it is black letter law that testimony of a single eyewitness suffices for conviction"). Defendant makes no claim that it was impossible for Rivera to have seen what he claimed.

In any event, Rivera's testimony was corroborated: by his contemporaneous statement (recorded on the body camera) that he saw defendant – the only man in the vicinity with braids – throw the gun, and by Officer Donahue's testimony (verified by his body camera footage) that he found the gun exactly where Rivera said it would be. The government also presented testimony addressing the other alleged flaws in the proof: Rivera explained that he was 100% sure defendant threw the gun, so there was no need to investigate others or canvass the area; and forensic experts explained that they rarely recover usable fingerprints or DNA from guns and ammunition. The evidence was sufficient for a reasonable jury to find guilt beyond a reasonable doubt.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 47) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of March, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

3